UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**DARLA BURKE, ET AL.,**

   Plaintiffs,

v.                                            No. 4:23-cv-0259-P

**UNITED STATES,**

   Defendants.

## OPINION AND ORDER

Before the Court is a Motion to Dismiss or, in the alternative, to Transfer Venue to the Pensacola Division of the Northern District of Florida. ECF. No. 10. For the reasons stated below, the motion is **GRANTED IN PART** and the case is hereby **TRANSFERRED to Pensacola Division of the Northern District of Florida**.

## BACKGROUND

This case arose from the untimely death of Naval Airman Nathan Burke and the distress his family ("the Burkes")—Plaintiffs in this action—experienced in the wake of that tragedy.

On April 5, 2021, Airman Burke was participating in a swimming proficiency and conditioning exercise in Pensacola, Florida, when he stopped moving and was pulled from the pool. Airman Burke was unresponsive and rushed to the hospital. After two days in the Hospital, it was determined that Airman Burke's brain had gone without oxygen for at least half an hour resulting in an anoxic brain injury that he would not be able to recover from. One week later, Airman Burke was removed from life support.

In January 2022, after exploring different avenues, the Burkes were told the Pensacola NCIS office initiated a criminal investigation. But subsequent communications from the Navy Office of Legislative Affairs to Representative Granger's office refuted this—instead stating that the NCIS had not and would not be opening an investigation following an

inquiry by the Pensacola Office. *Id.* at 8–9. Indeed, it was not until July of 2022 that NCIS initiated its own investigation. *Id.* at 11. In the intervening months between Airman Burke's death and the initiation of the investigation, the facts relevant to this case unfolded in Pensacola, Florida—where the Parties agree its merits should be decided.

The Government filed this motion to dismiss presenting two issues: (1) a Motion to Dismiss for lack of subject-matter jurisdiction and, in the alternative, (2) a Motion to Transfer Venue. Plaintiffs, in response, do not dispute the proposed transfer, but contend that the Court must resolve the jurisdictional question at the heart of the Motion to Dismiss prior to transferring.

The Court thus addresses the Motion.

## LEGAL STANDARD

### A. Motion to Dismiss for Lack of Subject-Matter Jurisdiction

A district court's grant of a 12(b)(1) motion to dismiss for lack of subject matter jurisdiction is reviewed de novo. *Choice Inc. of Tex. v. Greenstein*, 691 F.3d 710, 714 (5th Cir. 2012). Legal questions relating to standing and mootness are also reviewed de novo. *Envtl. Conservation Org. v. City of Dall.*, 529 F.3d 519, 524 (5th Cir. 2008). In assessing jurisdiction, the district court is to accept as true the allegations and facts set forth in the complaint, and a district court "is empowered to consider matters of fact which may be in dispute." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

A district court consequently has the power to dismiss for lack of subject matter jurisdiction on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). "[A] motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Ramming*, 281 F.3d at 161.

### B. Motion to Transfer Venue

Federal venue rules permit a district court to transfer any civil action to any other district or division where it might have been brought "for the convenience of parties and witnesses [or] in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transferring a civil action under § 1404, courts consider both private and public factors in deciding if convenience or justice warrant transferring the action to that district. *See* 28 U.S.C. § 1404; *see also In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc) (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)).

A plaintiff's original choice of forum is entitled to some deference, which dictates that the moving party must show "that the transferee venue is clearly more convenient." *Id.* But, while a plaintiff's choice of forum "should be respected" unless "the transferee venue is clearly more convenient," plaintiff's "choice of forum ... is not an independent factor within ... the § 1404(a) analysis." *Id.* at 314 n.10, 315. Rather, "a plaintiff's choice of venue is to be treated as a burden of proof question." *Id.* at 314 n.10 (internal quotation marks omitted).

## ANALYSIS

In assessing the motions before it, the Court must first determine if caselaw requires it to address the motions in a particular order, then must resolve the motions as appropriate.

### A. Appropriate Order of Jurisdictional Questions

Without jurisdiction, a court cannot proceed at all in any cause. *N.A.A.C.P v. City of Kyle, Tex.*, 626 F.3d 233, 237 (5th Cir. 2010). Generally, a court must resolve any dispute to its jurisdiction before proceeding further with a matter. *Id.*; *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). Though this obligation to resolve jurisdictional issues once carried a clear order of operations,[1] there is no longer a step-by-step approach to jurisdictional questions. *Ruhrgas AG*

---

[1] In *Leroy v. Great Western United Corporation*, the Supreme Court asserted that personal jurisdiction is decided before venue, and subject matter is preliminary to both. *Leroy v. Great W. United Corp.*, 443 U.S. 173, (1979). This posture has since been replaced by the approach adopted in *Ruhrgas*.

*v. Marathon Oil Co.*, 526 U.S. 574, 583–88 (1999). The Court held that there may be any number of jurisdictional questions before a court with varying levels of complexity that a judge may properly within his discretion turn directly to the issue offering the most expedient resolution. *Id.* at 587–88. This discretion permits courts to bypass subject-matter or personal jurisdiction questions "when considerations of convenience, fairness, and judicial economy so warrant." *Id.*; *see Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 432 (2007). In its contemplation of a jurisdictional inquiry, a court may choose to look an issue of venue and its included factors to ensure that the pursuit of justice in a case is properly efficient. *Sinochem*, 549 U.S. at 35. Indeed, where a case is filed in the wrong forum, courts are authorized to take "the less burdensome course" and transfer the case, rather than address subject-matter jurisdiction. *Id.*

In the instant case, the Court is faced with two separate questions capable of depriving Plaintiffs on audience on the merits of their case: (1) a motion to dismiss for lack of subject matter jurisdiction and (2) a motion to transfer to a more appropriate forum.

Plaintiffs contend that the Court must resolve the subject-matter jurisdiction issue in the Defendant's motion to dismiss, ECF No. 10, before transferring venue. While Plaintiffs are correct that jurisdictional issues must be resolved before proceeding to the merits, venue is, itself, among the jurisdictional issues a court must address prior to proceeding on the merits. *Sinochem*, 549 U.S. at 435. Courts enjoy broad discretion to resolve matters that deny parties an audience on the merits— including venue. *Id.*

As such, the Court, in its discretion, may resolve the jurisdictional questions before it in the order it deems most expedient.

**B. Motion to Transfer**

Section 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." When considering the transfer of venue, the Fifth Circuit

4

has identified eight factors, four private and four public, to consider:

> The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. . . .
>
> The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law.

*In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc).

The Court, in line with the Parties' agreement on the issue,[2] concludes that the *Volkswagen* factors weigh heavily in favor of transferring venue to the Pensacola Division of the Northern District of Florida in the interest of convenience, efficiency, and justice. Particularly, as the events giving rise to both the loss of Airman Burke and the subsequent alleged actions and omissions all took place in and around Pensacola and involved individuals predominantly in and around Pensacola.

In considering the prospective availability of and access to necessary witnesses and evidence—in addition to the consent of both parties—the Court finds transferring the matter—without ruling on other dispositive issues—is appropriate, as has been done before by this Court and other courts within the Fifth Circuit. *See KeyCity Cap., LLC v. Davenport Invs., LLC*, No. 3:21-CV-2046-D, 2022 WL 581146, at *10 (N.D. Tex. Feb. 25, 2022) (Fitzwater, J.) (Granting Motion to Transfer without ruling on personal jurisdiction issue); *McCormick v. Payne*, No. 3:15-CV-02729-M, 2015 WL 7424772, at **2–3 (N.D. Tex. Nov. 23, 2015) (Lynn, J.) (Granting motion to transfer in lieu of ruling on subject-matter

---

[2] Defendant lays out a full analysis of the *Volkswagen* factors which govern the question of proper venue. ECF No. 10, at 19–23; *see Volkswagen*, 545 F.3d at 312. Plaintiffs do not oppose this request or its underlying rationale. ECF no. 15, at 11.

jurisdiction issue); *Woodlands Dev., LLC v. Regions Bank*, 2013 WL 3233472, at *3 (E.D. La. June 24, 2013); *In re BP S'holder Derivative Litig.*, 2011 WL 4345209, at *2 (S.D. Tex. Sept. 15, 2011), *aff'd sub nom. City of New Orleans Employees' Ret. Sys. ex rel. BP P.L.C. v. Hayward*, 508 F. App'x 293 (5th Cir. 2013) (*per curiam*); *Hardwick*, 2011 WL 1831706, at *2; *Doubletree Partners, L.P. v. Land America American Title Co.*, 2008 WL 5119599, at *2 (N.D. Tex. Dec. 3, 2008) (Kaplan, M.J.).

\* \* \*

The Court's silence on the issue of subject-matter jurisdiction is neither an endorsement nor an indictment of the Plaintiffs' case or the Defendant's challenge to it. Rather, the Court is pursuing the "least burdensome course" to permit for the most convenient, efficient and judicially economic pursuit of justice this matter.

## CONCLUSION

For the reasons stated above, Defendant's alternative Motion to Transfer is **GRANTED IN PART**. This case is hereby **TRANSFERRED** to the Pensacola Division of the Northern District of Florida.

**SO ORDERED** on this **28th day** of **June 2023.**

*[Signature: Mark T. Pittman]*

MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE